IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH GOSLINE,

        Plaintiff,

vs.                                           No. 1:07-cv-1274 MCA/RLP

NEW MEXICO FINANCE
AUTHORITY, et. al,

        Defendants.

## ORDER

**THIS MATTER** comes before the Court *sua sponte* following the dismissal of all claims against Defendants William C. Sisneros, John T. Duff, and Robert Caswell Investigations, Inc. The only Defendant now remaining in this lawsuit is the New Mexico Finance Authority ("NMFA"). The only claims against this entity are state law claims, the federal claims having been dismissed by stipulation on May 27, 2008. [Doc. 34.] For the reasons set forth below, the Court declines to exercise supplemental jurisdiction over the remaining state law claims against NMFA, and hereby dismisses such claims without prejudice.

The facts of this case are set forth in two *Memorandum Opinion and Orders* filed concurrently herewith and will not be repeated here. Suffice to say that Plaintiff Joseph Gosline filed this lawsuit on December 18, 2007. [Doc. 1.] He filed an Amended Complaint on March 8, 2008, alleging various federal and state law claims against four defendants. [Doc. 21.] On May 27, 2008, Gosline filed a "Stipulation Relating to Dismissal of Certain

Claims by Plaintiff" in which he dismissed all federal claims against NMFA and certain of the state law claims against the individual Defendants William C. Sisneros and John T. Duff. [Doc. 34.]

Sisneros and Duff subsequently moved for summary judgment on all remaining claims against them. The Court has granted that motion thereby disposing of all but one of the federal claims in this case. Defendant Robert Caswell Investigations, Inc. ("RCI") also moved for summary judgment, and the Court has granted that motion as well, thereby disposing of the last remaining federal claim. For reasons set forth in the *Memorandum Opinion and Order* filed concurrently herewith, the Court declined to exercise supplemental jurisdiction over the five state law claims against RCI and dismissed those without prejudice.

The only claims now remaining in this lawsuit are seven state law claims against Defendant NMFA.[1] Because these remaining claims arise under state law, and there is no allegation or evidence that the parties' citizenship is diverse, such claims are before this Court only by virtue of the supplemental jurisdiction conferred by 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C. § 1367](a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Having granted summary judgment on all of Gosline's claims arising under federal

---

[1] These claims are: breach of an implied covenant of employment (Count V); defamation (Count VI); prima facie tort (Count VII); negligent misrepresentation (Count VIII); wrongful termination/retaliatory discharge (Count IX); common law civil conspiracy (Count XIII); and breach of the implied covenant of good faith and fair dealing (Count XIV).

law, the Court declines to exercise supplemental jurisdiction over his remaining state law claims.  See 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  In so declining, the Court has considered whether the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction.  See Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir. 1995).  The Court is not convinced that these factors weigh in favor of retaining jurisdiction.  In this regard, the Court notes that all federal claims have been dismissed with prejudice, either on the merits or by stipulation, and the remaining state law claims against NMFA are likely to be intertwined with the remaining state law claims against RCI.  Notions of comity and federalism demand that a state court try such claims in the first instance, absent compelling reasons to the contrary.  See Thatcher Enters. v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990).  In addition, the Court's decision not to exercise supplemental jurisdiction is not necessarily fatal to Gosline's state-law claims, as 28 U.S.C. § 1367(d) may provide for the tolling of the limitations period regarding these claims while this litigation was pending.

**IT IS, THEREFORE, ORDERED** that all claims remaining against Defendant New Mexico Finance Authority are **dismissed without prejudice.**

**SO ORDERED** this 30th day of March 2009, in Albuquerque New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge